THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION



UNITED STATES OF AMERICA                                                                PLAINTIFF

v.                                                          CRIMINAL NO. 2:19-cr-28-KS-MTP

SHAHJAHAN SULTAN, M.D.                                                                  DEFENDANT

## AGREED PRELIMINARY ORDER OF FORFEITURE

Pursuant to a separate Plea Agreement and Plea Supplement between the Defendant, **SHAHJAHAN SULTAN, M.D.** (hereinafter the "Defendant"), by and with the consent of his attorney, and the **UNITED STATES OF AMERICA** (hereinafter the "Government"), agree that the following findings are correct, and further agrees with the adjudications made herein. Accordingly, the Court finds as follows:

1. The Defendant is fully aware of the consequences of having agreed to forfeit to the Government his interests in and to the hereinafter described property, having been apprised of such by his attorney and by this Court; and he has freely and voluntarily, with knowledge of the consequences, entered into a Plea Agreement and Plea Supplement with the Government to forfeit such property.

2. The Defendant agrees, the following assets (hereinafter the "**Subject Property**"):

| |
|---|
| One (1) 2014 Mercedes-Benz G550, VIN: WDCYC3HF1EX224651 |
| One (1) 2014 BMW 535i, VIN: WBA5B1C55ED4785991 |
| One (1) Diamond Ring purchased from Multi-Facet |

constitute or are derived, directly or indirectly, from gross proceeds traceable to the

---

    1   The United States does not intend to pursue a final order of forfeiture as to the One (1) 2014 BMW 535i, VIN: WBA5B1C55ED4785991, but instead to return the vehicle to the lienholder, for which the United States and the Defendant have entered into a separate forfeiture agreement.

commission of the offense charged in Count 1(a) of the Indictment, or were used to facilitate or were involved in the offense charged in Count 1(a) of the Indictment. *See* Indictment, ECF No. 3. Such property is, therefore, subject to forfeiture pursuant to 18 U.S.C. §§ 981(a)(1)(C) and 982(a)(7), and 28 U.S.C. § 2461(c).

3. The Defendant has agreed to the entry of a forfeiture money judgment in the amount of $2,324,945.54, which is the value of property that constitutes or is derived from, directly or indirectly, the gross proceeds traceable to commission of the offenses charged in Count 1(a) of the Indictment, pursuant to 18 U.S.C. §§ 981(a)(1)(C) and 982(a)(7), and 28 U.S.C. § 2461(c). All monies realized by the Government as a result of the forfeiture of the **Subject Property**, minus any costs expended in maintaining, storing, and selling said property, shall be credited to the Defendant's forfeiture money judgment.

4. The Defendant has been apprised that Rule 32.2 of the Federal Rules of Criminal Procedure and 18 U.S.C. § 982 require the Court to order the forfeiture of the **Subject Property** at, and as a part of, the sentencing proceeding. The Defendant does hereby waive such requirement and the requirement that the forfeiture be made a part of the sentence as ordered by the Court in the document entitled, "Judgment in a Criminal Case." The Defendant and his attorney further agree that the Court should enter this Order immediately, and agree that the forfeiture ordered hereunder will be a part of the sentence of the Court regardless of whether ordered at that proceeding and/or whether attached as a part of the said "Judgment in a Criminal Case." The Defendant and his attorney agree that the United States may seek a final order of forfeiture upon the expiration of the claim period, and may seek immediate interlocutory sale orders of the **Subject Property**, at its discretion.

5. The Defendant and his attorney further agree that the Defendant will cooperate with the United States to identify, locate, and dispose of the property subject to forfeiture or substitute assets for such property, and that the United States may immediately begin the seizure of assets to be forfeited as substitute property to satisfy the forfeiture money judgment.

IT IS, THEREFORE, ORDERED AND ADJUDGED AS FOLLOWS:

a. That the Defendant shall forfeit to the United States the **Subject Property**.

b. A forfeiture money judgment in the amount of $2,324,945.54 is entered against the Defendant.

c. The Court has determined, based on the Defendant's Plea Agreement and Plea Supplement, that the above described property is subject to forfeiture pursuant to 18 U.S.C. §§ 981(a)(1)(C) and 982(a)(7), and 28 U.S.C. § 2461(c), that the Defendant had an interest in such property and that the Government has established the requisite nexus between such property and such offense.

d. The United States may conduct any discovery it considers necessary to identify, locate, or dispose of the property subject to forfeiture or substitute assets for such property.

e. The United States shall publish notice of the order and its intent to dispose of the property in such a manner as the United States Attorney General may direct. The United States may also, to the extent practicable, provide written notice to any person known to have an alleged interest in the subject property. Fed. R. Crim. P. 32.2(c)(1).

f. Any person, other than the above-named Defendant, asserting a legal interest in the

subject property may, within thirty days of the final publication of notice or receipt of notice, whichever is earlier, petition the court for a hearing without a jury to adjudicate the validity of his alleged interest in the subject property, and for an amendment of the Order of Forfeiture, pursuant to 21 U.S.C. § 853(n).

g. Pursuant to Fed. R. Crim. P. 32.2(b)(4)(A) and Defendant's consent, this Preliminary Order of Forfeiture shall become final as to the Defendant before sentencing and shall be made part of the sentence of the Court. If no third party files a timely claim, this order shall become the Final Order of Forfeiture, as provided by Fed. R. Crim. P. 32.2(c)(2).

h. Any petition filed by a third party asserting an interest in the subject property shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the subject property, the time and circumstances of the petitioner's acquisition of the right, title or interest in the subject property, any additional facts supporting the petitioner's claim, and the relief sought.

i. After the disposition of any motion filed under Fed. R. Crim. P. 32.2(c)(1)(A) and before a hearing on the petition, discovery may be conducted in accordance with the Federal Rules of Civil Procedure upon a showing that such discovery is necessary or desirable to resolve factual issues.

j. The United States may seek a final order of forfeiture upon the expiration of the claim period, and may immediately seek, at its discretion, interlocutory sale orders of the **Subject Property**.

k. The United States shall have clear title to the subject property following the Court's

disposition of all third-party interests, or, if none, following the expiration of the period provided in 21 U.S.C. § 853(n)(2), which is incorporated by 18 U.S.C. § 982(b), 31 U.S.C. §§ 5317(c) and 5332, and 28 U.S.C. § 2461(c) for the filing of third party petitions.

The Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

SO ORDERED AND ADJUDGED this 21st day of November, 2019.

_____
UNITED STATES DISTRICT JUDGE

AGREED:

_____ 11-21-19
KATHLYN VAN BUSKIRK,          Date
Assistant United States Attorney

_____ _____
MARY HELEN WALL,          Date
Assistant United States Attorney

_____ 11/21/19
SARA ELIZABETH PORTER,      Date
Trial Attorney
Department of Justice

_____ 11/21/2019
SHAHJAHAN SULTAN, M.D.      Date
Defendant

_____ 11-21-2019
CHARLES R. MCRAE           Date
Attorney for Defendant